TERENCE T. EVANS, Circuit Judge,
concurring.
I agree that Mr. Otis is entitled to be resentenced because he didn’t get adequate notice that an upward departure was in the works. I would leave it at that and remand the case for a new sentencing hearing. Because he will be resentenced, I express no opinion on the propriety of the departure, but a few observations seem appropriate.
It is important to note that the departure here was rather mild. Otis could have been sentenced to a term of 71 months within the original guideline range, but the seasoned district judge added 16 months and imposed a term of 87 months instead.
As the majority correctly notes, Koon emphasizes that the guidelines attempt to describe a zone of eases — a “heartland” — embodying certain types of criminal conduct. When a case is unusual, either in type or degree, it is outside the guidelines’ heartland, and a departure — up or down — is permitted. The majority finds the record insufficient to support the tepid departure ordered by the district judge. But Koon tells us we must review this departure for an abuse of discretion, and, although it’s a close case, I’m not prepared to say that the record as it now exists supports a finding that an abuse of discretion has been committed.
Koon admittedly is a muddled decision at best. It warmly embraces district court sentencing discretion when it says, “District courts retain much of their traditional sentencing discretion” under the guidelines. Koon further notes that a decision to depart from the guidelines is due “substantial deference” by courts of appeals on review. This is so, Koon tells us, because “district courts have an institutional advantage over appellate courts” in making the sort of determinations that augur in favor of departing from the guidelines in a given case.
But the Koon Court’s rhetorical embrace of deference doesn’t jibe well with its non-deferential behavior — although the major basis for the district court’s downward departure was approved, several lesser reasons for the departure were questioned. Thus Koon will continue, not soothe, the friction that exists today between district and appellate courts on departure jurisprudence.
As a final thought, I suggest that the sort of fine-tooth combing of district court departure decisions by courts of appeals has not worked well. There are several reasons why, and a major one, I suggest, is that appellate courts decided early on that they lacked power to review refusals to depart from the guidelines. Therefore, courts of appeals often get at best a lopsided view of the departure process. See Daniel J. Freed, Federal Sentencing in the Wake of the Guidelines: Unacceptable Limits on the Discretion of Sentencers, 101 Yale L.J. 1681 (1992). For all we know, Otis may have been 1 of 10 people Judge Beatty sentenced that week last year in drug conspiracy cases, and Otis’s case might have been the only one in which he ordered a departure. We, of course, would not see the other nine cases where he declined to act. Those other cases may have established a “heartland” and Otis’s case may have been a bit outside, thus justifying the mild departure that was ordered.
The message I take from Koon is that it is a case about institutional roles. Koon suggests that there ought to be a reallocation of authority over departure decisions away from appellate judges in favor of district judges who serve on the front line. In my view, a small departure, as the 2-level departure here certainly was, deserves great deference, and the record here, even as it exists today, may support a finding that the district judge did not abuse his discretion.